UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| DONOVAN MEDLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:12-00192 ) Senior Judge Haynes |
| TENNESSEE DEPARTMENT OF CORRECTIONS, et al., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM**

Plaintiff, Donavon Medley, an inmate at Riverbend Maximum Security Institute ("RMSI") in Nashville, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against the Defendants: Tennessee Department of Corrections ("TDOC"); Derrick Schofield, Commissioner of the Tennessee Department of Corrections; Gary Tullock; Damon Hininger; Arvin Chapman; Thelma Bumphus; Jeremy Markus; C/O Casey; C/O Parker; Sargent Inman; Mark Hacker; Nurse Hobbs; Nurse Sissy; Gaye Harville; John Doe I; John Doe II; Jane Doe 1; and Jane Doe 2. Plaintiff asserts an Eighth Amendment claim that Defendants denied or delayed medical treatment to Plaintiff after Plaintiff sustained severe burns to his left arm, wrist, and hand after a bathroom sink fell off the wall in his cell when he was incarcerated at South Central Correctional Facility ("SCCF") in Clifton, Tennessee. (Docket Entry No. 1).

The Court conducted a frivolity hearing on February 4, 2013 to determine if this action should proceed. 28 U.S.C. § 1915A. Defendants TDOC; Schofield; Tullock; Hininger; Chapman; Casey; Parker; Inman; Hacker; Hobbs; Sissy; John Doe I; John Doe II; Jane Doe 1; and Jane Doe 2 have been dismissed from this action. See Docket Entry Nos. 3, 7, 29 and 53.

Before the Court is the motion for summary judgment (Docket Entry No. 52) of Defendants Harville, Bumphus and Markus, contending that Plaintiff failed to exhaust his administrative remedies; the record shows that Defendants did not act with deliberate indifference towards Plaintiff's injury; and Plaintiff's official capacity claims fail as Plaintiff cannot show that Plaintiff's alleged constitutional deprivation was the result of a policy or custom. Plaintiff filed a "supplemental motion" (Docket Entry No. 56), that the Court deemed a response (Docket Entry No. 62), alleging that "Plaintiff was directed to file a Title VI Grievance, but the Title VI Coordinator on site at SCCF deemed the grievance outside of the scope of Title VI, resulting in the denial of the grievance." (Docket Entry No. 56 at 4).

The following facts are undisputed.[1] On December 26, 2011, Plaintiff burned his left forearm. (Docket Entry No. 52-2, Defendants' Statement of Undisputed Facts, at ¶ 3). SCCF follows the TDOC Policy that requires an inmate to submit a grievance within "seven calendar days of the occurrence giving rise to the grievance." Id. at ¶ 21. Under TDOC Policy, an inmate is required to provide specific details such as "dates, times, and the names of the persons involved," in the occurrence giving rise to the grievance. Id. at ¶ 22. Plaintiff filed his first grievance regarding the December 26, 2011 incident on January 19, 2012. Id. at ¶ 23. On January 27, 2012, Jessica Garrett, Grievance Coordinator, forwarded Plaintiff's grievance to Daniel Pritchard, Assistant Warden, to determine if Plaintiff's grievance met the "criteria for being a Title VI matter." (Docket Entry No. 52-7, Jessica McElroy Declaration, Attachment thereto, at 9). That same day, Plaintiff's

---

[1] Defendants filed contemporaneously with its motion for summary judgment a statement of undisputed facts (Docket Entry No. 52-2), in accordance with Local Rule 56.01(b). Plaintiff has not filed a response to Defendants' statement of undisputed facts. Accordingly, Defendants' proffered statements of fact are undisputed for purposes of summary judgment. Local Rule 56.01(g).

request for a Title VI Grievance was "Deemed not to be a Title VI Grievance" by Pritchard. Id. Thus, on January 27, 2012, based upon TDOC policy, Plaintiff's grievance was not processed and was returned to him because the grievance did not include the required details such as the date of the alleged incident and the grievance also sought a resolution that could not be given. (Docket Entry No. 52-2, at ¶ 24; Docket Entry No. 52-7, Jessica McElroy Declaration, Attachment thereto, at 8).

On February 12, 2012, Plaintiff filed a second grievance concerning the December 26, 2011 incident that also failed to comply with SCCF's rules and regulations governing grievances. Id. at ¶¶ 25-27. Plaintiff did not provide any names or grieve any issues related to his treatment by medical staff in his second grievance. Id. at ¶¶ 28-29. The initial grievance response to Plaintiff's second grievance was that the grievance was inappropriate because it was untimely filed. Id. at ¶ 30. Plaintiff appealed this response to the Warden, who also found that the grievance was inappropriate. Id. at ¶ 31. Plaintiff appealed this response to the TDOC Deputy Commissioner of Operations who also affirmed the rejection of Plaintiff's appeal as inappropriate. Id. at ¶ 32. Plaintiff was not given a hearing on the merits of his first or second grievances. Id. at ¶ 33.

Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986). The opposing party must come forth with sufficient evidence to withstand a motion for directed verdict, Anderson v. Liberty Lobby, 477 U.S. 242, 247-52 (1986), particularly where there has been an opportunity for discovery. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined

3

in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A plaintiff's subjective belief as to what the outcome might be does not excuses the plaintiff's failure to exhaust. Boyd v. Corr. Corp. of Am., 380 F.3d 989, 998 (6th Cir. 2004).

In Woodford v. Ngo, 548 U.S. 81 (2006), the United States Supreme Court was presented with the question of whether a prisoner can satisfy the PLRA's exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal and held that "proper exhaustion of administrative remedies is necessary." Id. at 83-84. The Supreme Court explained:

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction[.]

Id. at 95.

In Cook v. Caruso, 531 F. App'x 554 (6th Cir. 2013), the Sixth Circuit affirmed the district court's dismissal of the plaintiff's complaint for failure to exhaust his administrative remedies because the plaintiff's first grievance failed to give notice to prison officials of the problem that formed the basis of his complaint, i.e., his placement on the top bunk, and his second grievance was time-barred. Id. at 555-56. Quoting Woodford, the Sixth Circuit stated, "Proper exhaustion of administrative remedies requires 'compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.'" Id. at 562 (quoting Woodford, 548 U.S. at 90–91) (footnote omitted); see Scott v. Ambani, 577 F.3d 642, 647 (6th Cir. 2009) ("Woodford

4

makes clear that a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance.").

Here, Plaintiff filed his first grievance on January 19, 2012. Plaintiff's grievance was returned to him and was not processed because under TDOC policy his grievance did not include the required details such as the date of the alleged incident and the grievance also sought a resolution that could not be given. Moreover, the record reflects that Plaintiff did not exhaust his administrative remedies regarding his initial Title VI grievance.

Plaintiff filed his second grievance concerning the December 26, 2011, incident on February 12, 2012. Plaintiff did not provide any names or grieve any issues related to his treatment by medical staff in this grievance. Plaintiff's second grievance was deemed inappropriate because it was untimely filed. Plaintiff was not given a hearing on the merits of his first or second grievances. Even if the Court were to consider Plaintiff's hearsay evidence that he was "directed to file a Title VI Grievance," on January 27, 2012, Plaintiff's first grievance was "Deemed not to be a Title VI Grievance." Yet, Plaintiff did not file his second grievance until February 12, 2012.

The Court concludes that for these reasons and the authorities cited, Defendants' motion for summary judgment (Docket Entry No. 52) should be granted for failure to exhaust administrative remedies.

An appropriate Order is filed herewith.

**ENTERED** this the 20th day of July, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge